Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
Law Office of Ronald I. LeVine, Esq.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395
*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUBIER BETANCOURT, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>LVNV FUNDING LLC;<br>SHERMAN ORIGINATOR, LLC;<br>RESURGENT CAPITAL SERVICES, L.P.;<br>ALEGIS GROUP, LLC;<br>J.C. CHRISTENSEN & ASSOCIATES, INC.<br>and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Rubier Betancourt, by way of Class Action Complaint against Defendants,

LVNV Funding LLC; Sherman Originator, LLC; Resurgent Capital Services, L.P; Alegis Group,

LLC; J.C. Christensen & Associates, Inc. and John Does 1 to 10 says:

## I. NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by attempting to collect consumer debts without a license to do so under the New Jersey Consumer Finance Licensing Act, by attempting to collect amounts not permitted by law or contract, by misstating the amount due, and by threatening suit to coerce payments on debts barred by the applicable statute of limitations.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III. PARTIES

5. Plaintiff Rubier Betancourt ("Plaintiff" or "Betancourt") is a natural person residing in North Bergen, New Jersey in Bergen County.

6. Defendant LVNV Funding LLC ("LVNV") is a Delaware limited liability company with its principal place of business located at 625 Pilot Road, Suite 3, Las Vegas, Nevada 89119.

7. Defendant Sherman Originator, LLC ("Sherman") is a Delaware limited liability company. LVNV is 100% owned by Sherman.

8. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a Delaware limited partnership with its principal place of business located at 55 Beattie Place, Suite 300, Greenville, South Carolina 29601.

9. Defendant J.C. Christensen & Associates, Inc. ("JCC") is a collection agency with an office located at P.O. Box 519, Sauk Rapids, Minnesota 56379.

10. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint

11. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV. FACTS

#### A. Background

12. Defendants are not in the business of extending credit, selling goods or services to consumers.

13. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

14. The principal purpose of Defendants is the collection of debts.

15. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce

16. LVNV is litigious debt buyer which purchases past-due and defaulted consumer accounts for pennies on the dollar, and then attempts to collect those accounts itself or through other collection agencies or debt collectors.

17. In connection with LVNV's efforts to collect consumer debts, LVNV routinely hires other debt collectors, such as JCC, in an effort to collect the consumer debts.

18. LVNV also hires collection attorneys and/or law firms in the State of New Jersey to file lawsuits against New Jersey consumers in efforts to collect the consumer debts.

19. LVNV files thousands if not tens of thousands of collection lawsuits in the State of New Jersey, clogging the State Court's docket, wasting judicial resources and harassing New Jersey consumers. In fact, according to the New Jersey Superior Court Automated Case Management System ("ACMS") and statistics derived from LexisNexis® searches, LVNV has filed over 80,000 debt collection complaints within the past decade.

20. Plaintiff incorporates and adopts by reference the Statement of Facts filed as ECF No. 69 in *Randall v. Nelson & Kennard et al*, 2:09-cv-00387 (D. Ariz., filed Aug. 9, 2010) (attached as ***Exhibit A***).

21. Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees.[1] LVNV does not have audited financial statements and does not file tax returns.[2]

22. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent.[3]

---

[1] *See* Exhibit A.
[2] *Godson v. Eltman, Eltman & Cooper, PC.*, No. 11-CV-0764S(Sr), 2016 U.S. Dist. LEXIS 51010, at *6 (W.D.N.Y. Apr. 15, 2016).
[3] *See* Exhibit A.

23. LVNV has stated on its website, www.lvnvfunding.com (last visited January 19, 2017), that:

> The management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently servicing your account.

24. Resurgent and LVNV are under common ownership and management; both are part of the Sherman Financial Group, LLC.

25. Sherman is the parent corporation of LVNV and Sherman Financial Group, LLC, is the grandparent corporation of LVNV.[4]

26. Resurgent directs the collection activity complained of herein even though it was undertaken in LVNV's name.

### B. The HSBC Account

27. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating from HSBC Bank Nevada, N.A./Direct Marketing ("Debt" or "Account").

28. The Debt arose from one or more transactions which were primarily for the respective Plaintiff's personal, family, or household purposes.

29. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

30. Defendants contend that the Account was past-due and in default.

---

[4] *Godson*, 2016 U.S. Dist. LEXIS 51010, at *6-7.

31. The Account was past-due and in default when it was purchased by LVNV, Sherman, Resurgent and Alegis for pennies on the dollar.

32. After purchasing the past-due and defaulted Account for pennies on the dollar, LVNV, either directly or through intermediate transactions, assigned, placed, or transferred the Account with JCC for collection.

33. JCC is a collection agency.

34. The Account was assigned to JCC for the purpose of collecting the Debt.

35. The Account was past-due and in default when it was placed with or assigned to JCC for collection.

36. At all times relevant hereto, JCC acted on behalf of LVNV, Sherman, Resurgent and Alegis in an attempt to collect the Debt.

37. At all times relevant hereto, the acts and omissions of JCC were incidental to or taken within the scope of the responsibilities given and authorized by LVNV, Sherman, Resurgent and Alegis.

C. Unlawful Collection

38. In an attempt to collect the consumer debt allegedly owed by Betancourt, Defendants mailed a collection letter to Betancourt on January 20, 2016 (the "JCC Letter"). A true but redacted copy of the JCC Letter is attached as ***Exhibit B***.

39. Betancourt received and reviewed the JCC Letter.

40. Defendants are not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.[5]

---

[5] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq*.

41.     "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."[6]

42.     "<u>No person</u> shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."[7]

43.     Defendants are not permitted to engage in the "consumer loan business" since they did not first obtain a license pursuant to the NJCFLA.[8]

44.     Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of LVNV, who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."[9]

45.     Defendants are not permitted to charge interest in the State of New Jersey.

46.     Defendants have no statutory or contractual right to assess any additional interest or amount on the Account.

47.     Defendants have no statutory or contractual right to collect any interest from the Plaintiff on the Debt.

48.     Defendants have no statutory or contractual right to collect any additional amounts from Plaintiff on the alleged Debt.

---

[6] N.J. Stat. Ann. § 17:11C-2.
[7] N.J. Stat. Ann. § 17:11C-3 (emphasis added).
[8] *See* N.J. Stat. Ann. § 17:11C-2 to -3.
[9] *Veras v. LVNV Funding, LLC*, No. 13-1745 (RBK/JS), 2014 U.S. Dist. LEXIS 34176, at *19 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt.").

49. Nevertheless, Defendants assessed interest in the amount of $27.45 on the Account.

50. While attempting to collect the Debts, LVNV, Sherman, Resurgent and Alegis furnished information to the Equifax, Experian and TransUnion consumer reporting agencies.

51. LVNV, Sherman, Resurgent and Alegis communicated credit information regarding the alleged Debts to the Equifax, Experian and TransUnion consumer reporting agencies balances higher than the original balances on multiple occasions.

52. Credit reporting by a debt collector constitutes an attempt to collect a debt.[10]

53. Defendants unlawfully added interest and/or other collection charges to Plaintiff's Account after the Debts were charged-off and sold by the original creditor.

54. LVNV, Sherman, Resurgent and Alegis sends alleged debts out for collection without really knowing the amounts due.

55. LVNV, Sherman, Resurgent and Alegis purchased portfolios of charged-off credit card debts that came with no interest-rate information/documentation or unreliable interest-rate information/documentation.

56. LVNV, Sherman, Resurgent and Alegis then violated the FDCPA by charging interest anyway and sending those accounts out for collection anyway.

57. Defendants used the same procedures used in inflating the amount owed and attempting to collect amounts from Plaintiff not allowed by law to numerous other New Jersey consumers.

58. It is the Defendants' policy and practice to inflate the account balances by unlawfully charging interest, as described above, in an attempt to collect alleged consumer debts,

---

[10] *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

and in an attempt to collect more than what is contractually and lawfully owing; which is an unfair, unconscionable, false, deceptive and misleading practice violative of the FDCPA.

### D. Threatening Suit on Time-Barred Debt

59. Plaintiff made his last payment on the Account on October 16, 2010.

60. Due to unforeseen financial circumstances, Plaintiff defaulted on the Account sometime on November 26, 2010.

61. Upon default, a cause of action to enforce the Debt accrued.

62. Account was charged-off by the original creditor on May 31, 2011.

63. LVNV later allegedly purchased a pool of defaulted consumer accounts, including Plaintiff's Account, for pennies on the dollar.

64. In an attempt to collect the Debt, Defendants mailed the JCC Letter.

65. When Defendants sent the JCC Letter, the applicable statute of limitations had run on the Account.

66. The JCC Letter threatened legal action on a time-barred debt.

67. Defendants regularly sends collection letters offering to settle debts and threatening suit on debts on which the statute of limitations has expired.

68. The Federal Trade Commission has found that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." The FTC entered into a consent decree with Asset Acceptance, LLC, one of the largest debt buyers in

the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.[11]

69.   On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

70.   The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that collection letters that fail to disclose material information may be misleading.

71.   On January 30, 2013, the FTC issued its report, The Structure and Practices of the Debt Buying Industry, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the United States of America v. Asset Acceptance, LLC, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), American Express Centurion Bank (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), American Express Bank, FSB (2012-CFPB-0003) and American Express Travel Company, Inc. (2012-CFPB-0004) cases, that a defendant may violate the

---

[11] Press Release, Federal Trade Commission, Under FTC Settlement, Debt Buyer Agrees to Pay $2.5 Million for Alleged Consumer Deception (Jan. 30, 2012), http://www.ftc.gov/news-events/press-releases/2012/01/under-ftc-settlement-debt-buyer-agrees-pay-25-million-alleged (For the Consent Decree wherein Asset Acceptance promises to stop filing time-barred suits, see http://www.ftc.gov/enforcement/cases-proceedings/052-3133/asset-acceptance-llc).

FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

72. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

73. "[A]n unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement.'"[12]

74. Nothing in the JCC Letter disclosed that the Debt was barred by the statute of limitations.

75. Nothing in the JCC Letter disclosed the date of the transactions giving rise to the Debt.

76. Nothing in the JCC Letter disclosed the date of default.

77. Nothing in the JCC Letter disclosed that the Debt is legally unenforceable in a court of law.

78. The JCC Letter falsely implies that the Account is legally enforceable.

79. The least sophisticated consumer would understand that LVNV would later sue to collection on the debts.

---

[12] *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1022 (7th Cir. 2014); *see also Buchanan v. Northland Group*, 776 F.3d 393, 399 ("a 'settlement offer' with respect to a time-barred debt may falsely imply that payment could be compelled through litigation."); *Filgueiras v. Portfolio Recovery Assocs., LLC*, No. 15-8144 (JLL) (SCM), 2016 U.S. Dist. LEXIS 54672, at *23 (D.N.J. Apr. 25, 2016) ("When a debt collector offers to 'settle' a time-barred debt, it is plausible that the legal status of the debt has been misrepresented since it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable." (internal quotations marks and citations omitted)).

80. Nothing in the JCC Letter disclosed the legal consequences of a settlement or a payment.

81. Nothing in the JCC Letter disclosed that a settlement or a payment would restart the statute of limitations.

82. It is Defendants' policy and practice to send collection letters in an attempt to collect time-barred consumer debts that do not disclose that the debt was barred by the statute of limitations and that do not disclose the legal consequences of a payment or settlement.

83. Such practice is a deceptive collection ploy used to entice a least sophisticated consumer with "savings" and threaten suit in order to have the least sophisticated consumer make payments on an otherwise unenforceable debt.

84. In fact, Defendants' representations of savings is false as the debts are unenforceable in a court of law. Such savings do not exist as Plaintiff would have a complete statute of limitations defense to the debt.

85. Such practice is a deceptive collection ploy used to entice a least sophisticated consumer with "savings" and threaten suit in order to have the least sophisticated consumer make a payment or enter into a new agreement that would restart the statute of limitations, when in fact such "savings" are nonexistent and false.

86. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending letters which attempted to *settle* time-barred debts without disclosure of that fact, without disclosing the legal consequences thereof, and which falsely represents the benefits of the offers/options.

## V.   CLASS ACTION ALLEGATIONS

87. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of two Classes initially defined as follows:

> **Class A:** All natural persons with addresses in the State of New Jersey against whom, beginning January 19, 2016 through and including the final resolution of this case, J.C. Christensen & Associates, Inc. sent one or more collection letters in an attempt to collect a consumer debt on behalf of LVNV Funding LLC, which debt was barred by the applicable statute of limitations.
>
> **Class B:** All natural persons with addresses in the State of New Jersey against whom, beginning January 19, 2016 through and including the final resolution of this case, J.C. Christensen & Associates, Inc. attempted to collect a consumer debt on behalf of LVNV Funding LLC.

88. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

89. The Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

90. There are questions of law and fact common to the members of the Classes that predominate over questions affecting only individuals, including but not limited to:

> A. Whether Defendants are debt collectors under the FDCPA;
>
> B. Whether Defendants' engagement in the lay collection business constitutes a misrepresentation of the ability to collect a debt under New Jersey law;
>
> C. Whether Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f; and

> D. Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1) by falsely representing the amount of the alleged debts, by inflating the amount of the alleged debts without any statutory or contractual authority to do so, or by attempting to collection amounts not permitted by law;
>
> E. Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f by threatening suit on time-barred debts and misrepresenting the legal status of the debt;
>
> F. Whether Plaintiff and the Classes are entitled to damages.

91. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

92. The claims of the Plaintiff are typical of the claims of the members of the Classes.

93. The questions of law and/or fact common to the members of the Classes predominate over any questions affecting only individual members.

94. Plaintiff does not have interests antagonistic to those of the Classes.

95. The Classes, of which Plaintiff is a member, is readily identifiable.

96. Plaintiff will fairly and adequately protect the interests of the Classes, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

97. The prosecution of separate actions by individual members of the Classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

98. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.    VIOLATIONS OF THE FDCPA

99. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

100. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

101. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

102. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

103. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

104. The JCC Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

105. At all times relevant hereto, JCC acted on behalf of LVNV, Sherman, Resurgent and Alegis in an attempt to collect the Debt.

106. At all times relevant hereto, the acts and omissions of JCC were incidental to or taken within the scope of the responsibilities given and authorized by LVNV, Sherman, Resurgent and Alegis.

107. At all times relevant hereto, LVNV, Sherman, Resurgent and Alegis actively participated in the collection of consumer debts allegedly owed by Betancourt and other New Jersey consumers.

108. LVNV, Sherman, Resurgent and Alegis knew or should have known at the time it assigned the alleged debts of Plaintiff and other New Jersey consumers to JCC, that LVNV, Sherman, Resurgent and Alegis did not know the amount of interest allegedly due, if at all, on the portfolios of accounts purchased by LVNV.

109. LVNV, Sherman, Resurgent and Alegis knew or should have known that without providing JCC with information concerning the amount of interest due, if at all, that by assigning the portfolios of accounts to JCC for collection, LVNV, Sherman, Resurgent and Alegis was hiring and directing JCC to violate the FDCPA by failing to state the correct amount allegedly due and by assessing and attempting to collection unlawful interest.

110. LVNV, Sherman, Resurgent and Alegis knew or should have known that by assigning the portfolios of accounts to JCC for collection, LVNV, Sherman, Resurgent and Alegis was hiring and directing JCC to violate the FDCPA by threatening to sue on time-barred debts and misrepresenting the legal status of the debts.

111. Therefore, not only is LVNV, Sherman, Resurgent and Alegis liable for the acts and omissions of its agent-JCC, but for its own acts in hiring and directing JCC to collect debts for LVNV, Sherman, Resurgent and Alegis.

112. By attempting to collect consumer debts without a license to do so under the NJCFLA, by attempting to collect amounts not permitted by law or contract, by misstating the amount due, by threatening suit on time-barred debts and by misrepresenting the legal status of the debts, Defendants violated the following provisions of the FDCPA:

    a.    Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;

    b.    Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);

    c.    Defendants threatened and actually took an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);

    d.    Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10);

    e.    Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f; and

    f.    Defendants attempted to collect amounts not expressly authorized by the agreement creating the alleged debts or permitted by law, in violation of 15 U.S.C. § 1692f(1).

113.    The violations of the FDCPA described herein constitute *per se* violations.

114.    Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rubier Betancourt demands judgment against Defendants, LVNV Funding LLC; Sherman Originator, LLC; Resurgent Capital Services, L.P.; Alegis Group, LLC; J.C. Christensen & Associates, Inc. as follows:

    A.    For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC and Law Office of Ronald I. LeVine, Esq. as class counsel;

    B.    For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

    C.    For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except:

- *Jefferson v. J.C. Christensen & Associates, Inc., et al.*, 2:16-cv-00296-KM-MAH (D.N.J.)

- *Gutierrez v. J.C. Christensen & Associates, Inc., et al.*, 2:16-cv-00428-WJM-MF (D.N.J.)

- *Lopez v. Law Offices of Faloni & Associates, LLC, et al.*, 2:16-cv-01117-SDW-SCM (D.N.J.)

- *Morisco v. Allied Interstate LLC, et al.*, 2:16-cv-01507-MCA-MAH (D.N.J.)

- *Williams-Hopkins v. Firstsource Advantage, LLC, et al.*, 2:16-cv-01604-MCA-MAH (D.N.J.)

- *Lee v. First National Collection Bureau, Inc., et al.*, 2:16-cv-01671-JLL-JAD (D.N.J.)

KIM LAW FIRM LLC

*s/ Yongmoon Kim*

Dated: January 19, 2017

Yongmoon Kim
*Attorneys for Plaintiff and the Proposed Class*