UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

JEFFREY A. WINTERS, et al,

*Plaintiffs*,

v.

JOSEPH K. JONES, et al,

*Defendants*.

Civil Action No. 16-9020

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on two motions for sanctions against Plaintiffs and their counsel, David Hoffman. The two groups of Defendants who have filed the motions are (1) Defendants Ari Marcus, Yitzchak Zelman, and Marcus & Zelman LLC, D.E. 60; and (2) Defendants Laura Mann and the Law Offices of Laura S. Mann, D.E. 63.[1] Plaintiffs Jeffrey Winters and Collection Solutions, Inc. ("Plaintiffs") filed briefs in opposition, D.E. 61, 66, to which the Marcus Defendants replied, D.E. 62.[2] The Court reviewed all the submissions in

---

[1] The third group of Defendants in this case is Defendants Joseph Jones, Benjamin Wolf, and Jones, Wolf & Kapasi LLC.

[2] In this Opinion, Defendants Ari Marcus, Yitzchak Zelman and Marcus & Zelman LLC's motion for sanctions (D.E. 60) will be referred to as "Marcus Sanctions Brf." Defendants Laura Mann and the Law Offices of Laura S. Mann's motion for sanctions (D.E. 63) will be referred to as "Mann Sanctions Brf." Plaintiffs' brief in opposition to the Marcus motion for sanctions (D.E. 61) will be referred to as "Pl. Marcus Opp." Plaintiffs' brief in opposition to the Mann Motion for Sanctions (D.E. 66) will be referred to as "Pl. Mann Opp." Defendants Ari Marcus,

support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motions for sanctions are **DENIED**.

## I. BACKGROUND

For the purposes of the pending motions, the Court need not retrace this case's factual and procedural history. The Court is an issuing an opinion addressing Defendants' motions to dismiss the Amended Complaint, D.E. 39, 49, 50, which includes a more detailed recounting of the background of this matter. To the extent relevant to these motions, the Court incorporates the factual and procedural history into this Opinion.

Generally, Plaintiffs, a corporation providing debt collection services, filed a class action against Defendants, who are New Jersey lawyers and law firms working on Fair Debt Collection Practices Act ("FDCPA") cases. Plaintiffs allege that Defendants formed an enterprise pursuant to The Racketeer Influenced and Corrupt Organizations Act ("RICO") by joining together to bring sham class action lawsuits against debt collection agencies. Plaintiffs claim that they became aware of this enterprise after certain Defendants brought a class action, *Chapa v. Turner*, No. 2:15-CV-3125 (D.N.J. 2016), against Plaintiffs.

On December 5, 2016, Plaintiffs filed their initial Complaint. D.E. 1. Marcus, Zelman, and Marcus & Zelman LLC filed a motion to dismiss. D.E. 19. Mann and the Law Offices of Laura S. Mann also filed a motion to dismiss. D.E. 21. Plaintiffs, in response, filed their Amended Complaint ("FAC") on February 6, 2017. D.E. 29. In their FAC Plaintiffs allege several counts, including: a federal RICO violation; a federal RICO conspiracy; a New Jersey

---

Yitzchak Zelman and Marcus & Zelman LLC's reply brief (D.E. 62) will be referred to as "Marcus Rep."

2

RICO violation; a New Jersey RICO conspiracy; fraud; negligence; and legal malpractice. In alleging a federal RICO violation, Plaintiffs claim that Defendants committed several predicate acts, including wire fraud, obstruction of justice, witness tampering, and extortion. Further, in alleging a New Jersey RICO violation, Plaintiffs assert that Defendants committed the predicate acts of theft by extortion, theft by deception, and deceptive business practices.

All Defendants then filed motions to dismiss the Amended Complaint. D.E. 39, 49, 50. Plaintiffs opposed these motions. D.E. 56. As noted, these motions are being decided in a separate opinion. Following the filing of motions to dismiss, the Marcus and Mann Defendants also filed the current motions for sanctions against Plaintiffs.[3]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 imposes on any party who presents "a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991).[4] "[R]easonableness [under the circumstances is] defined as an objective knowledge or

---

[3] The Marcus Defendants allege that on January 31, 2017, pursuant to Federal Rule of Civil Procedure 11(c), they served, but did not file, their motion for sanctions on Plaintiffs' counsel in compliance with Rule 11's safe harbor provision. Marcus Sanctions Brf. at 5-6. Likewise, the Mann Defendants on January 23, 2017 provided Plaintiffs with formal notice that if litigation continued, they would file a motion for sanctions after the 21 day safe harbor period passed. Mann Sanctions Brf., Ex. A; D.E. 63. The Mann Defendants motion for sanctions relies on both its prior filings and the Marcus Defendants' motion for sanctions. Mann Sanctions Brf. at 2.

[4] Rule 11(b) provides as follows:

> [b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's

3

belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 289 (3d Cir. 1991) (citations and internal quotations omitted). Attorneys are required to conduct a "normally competent level of legal research to support the[ir] presentation." *Simmerman v. Corino,* 27 F.3d 58, 62 (3d Cir. 1994).

If Rule 11(b) is violated, then Rule 11(c)(4) permits the Court to impose sanctions, including reasonable attorneys' fees, expenses, or nonmonetary directives. However, any sanction "must be limited to what suffices to deter repetition of the [sanctionable] conduct[.]" Fed. R. Civ. P. 11(c)(4). "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ford Motor Co.,* 930 F.2d at 289 (internal citations and quotations omitted). Additionally, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Cent., Inc.,* 580 F.3d 119, 146 n.28 (3d Cir. 2009) (citation omitted). In deciding a Rule 11 motion, "[a]ny doubt . . . should be resolved in favor of the party charged with the violation." *Sanders v. Hale Fire Pump Co.,* No. 87-2468, 1988 WL 58966, at *1 (E.D. Pa. June

---

> knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose . . .;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support . . .

Fed. R. Civ. P. 11(b)(1)-(3).

1, 1988) (citing *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 544 (3d Cir. 1985)).

### III. LEGAL ANALYSIS

Defendants allege that "Plaintiffs' reckless filing of a baseless complaint, which contains unfounded and unsupported civil RICO allegations, was done in defiance of the law and evidences a clear intent to harass and stigmatize Defendants as Mafia-like racketeers." Marcus Sanctions Brf. at 8. Further, Defendants claim that Plaintiffs' motive in filing this lawsuit was to chill Defendants from bringing future FDCPA class actions against debt collectors. *Id.* at 11.

To that end, Defendants allege that Plaintiffs' counsel, David Hoffman, included inappropriate and inflammatory language in the initial Complaint, such as that Marcus & Zelman, LLC had been running a "mafia style racketeering enterprise," and the FAC, which led to negative press coverage. *Id.* at 13-15. As additional proof of improper motive, Defendants point out that Barry Sussman, a felon (convicted on several separate occasions)[5] and former debt collector, was "carbon copied on virtually all e-mail communications originating from Hoffman" and "appeared on a conference call and was introduced as Hoffman's paralegal." *Id.* at 23. Finally, Defendants claim that sanctions are warranted because it was obvious that the FAC's claims of fraud, negligence, and legal malpractice could not be proven and, notwithstanding that, would be barred anyway by the New Jersey Litigation Privilege doctrine. *Id.* at 26-29.

The numerous factual and legal deficiencies noted in the Court's motion to dismiss Opinion come close to providing sufficient evidence for the Court to grant sanctions here. Plaintiffs' Amended Complaint contains wholly-unwarranted and inflammatory allegations.

---

[5] Defendants add that Sussman wrote a "how-to" book on fraud during one of his stints in prison.

5

Moreover, the language in Plaintiff's original Complaint contained even more incendiary language, such as that Defendants were running a mafia style racketeering enterprise. Further, the Court has real concerns over the potential of Barry Sussmann's involvement in this case. *Id.* at 23-26. The Court's concern arises from Defendants' allegations that Mr. Sussman, among other things, has been convicted of felonies, including fraud, on multiple occasions and subject to a temporary restraining order sought by the Federal Trade Commission in 2003 for a nationwide extortion scheme tied to debt collection. If Mr. Sussman is involved in this case, the Court cannot fathom the reason why.

Nevertheless, the Court will exercise its discretion and not impose Rule 11 sanctions. Although, the Court, as noted in the Opinion addressing Defendants' motions to dismiss, has real concerns that any attempted amendment to the FAC will be futile, it nevertheless granted Plaintiffs the opportunity to do so. If Plaintiffs choose to file a Second Amended Complaint, nothing in this Opinion prohibits Defendants from making a new motion for Rule 11 sanctions if they believe that it is warranted.

## IV. CONCLUSION

Therefore, for the reasons discussed above, the Court **DENIES** Defendants' motions for sanctions (D.E. 60, 63) without prejudice. An appropriate Order accompanies this Opinion.

Dated: January 8, 2018

                                                                                      John Michael Vazquez, U.S.D.J.